IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATHERINE BASS,          :
                       :
     Plaintiff,        :        Civil Action File No.
                       :
  v.                :     _____
                       :
TRUIST FINANCIAL     :
CORPORATION        :     **JURY TRIAL DEMANDED**
                       :
     Defendant.

## COMPLAINT

Plaintiff Katherine Bass ("Plaintiff" or "Ms. Bass") brings this Complaint against her former employer, Defendant Truist Financial Corporation ("Truist or "Defendant"), alleging a violation of the Title VII of the Civil Rights Acts of 1964 42 U.S.C. § 2000(e), *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, providing as follows:

## STATEMENT OF CLAIMS, PARTIES, JURISDICTION, AND VENUE

### Background Facts

1.

Truist is a financial services company that operates through its commercial bank subsidiary, Truist Bank, and provides a wide range of banking and trust

services for its clients.

2.

Truist may be served with process through its registered agent, Corporation Services Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092

3.

Ms. Bass worked for Defendant (then Sun Trust Bank) beginning in 2004, and she was the recipient of regular raises and promotions during her tenure with Truist.

4.

Throughout her employment with Defendant, Ms. Bass received excellent performance reviews and was exemplary in her performance of her job duties.

5.

Defendant last employed Ms. Bass as Acquisition Finance, Managing Director within its AFES/CIB Department in Atlanta, Georgia.

6.

Ms. Bass was promoted to this role in September 2022. Prior to that, Ms. Bass was employed as CIB Credit Delivery Director.

7.

In her role as Acquisition Finance, Managing Director, Ms. Bass was responsible for generating and facilitating new revenue growth through the origination and execution of capital structure alternatives and traditional banking revenue products across multiple industries and client groups.

8.

In her final role at Truist, Ms. Bass was responsible for leading a team of underwriters and portfolio managers.

9.

Ms. Bass was well qualified for the Acquisition Finance, managing Director role and able and ready to perform that role in an exemplary fashion as she had done in all of her positions throughout her employment with Defendant.

10.

Ms. Bass was never the subject or source of any performance problems or disciplinary issues during her employment with Defendant.

11.

Ms. Bass was also the only Managing Director in a group of six within her AFES/CIB department who was female.

12.

Indeed, Ms. Bass was the first female employee to break into the male dominated managing director-level in the AFES/CIB department at Truist.

13.

Ms. Bass was also one of the three oldest Managing Directors in the Department.

**Truist's Unlawful Termination of Ms. Bass**

14.

In late February 2023, Truist announced that it was ostensibly engaging in a reduction in force ("RIF").

15.

As part of the supposed RIF, Ms. Bass was informed that her role was purportedly being eliminated.

16.

Truist, however, continued to have a business need for the Acquisition Finance, Managing Director role as demonstrated in part by the fact that Ms. Bass had been moved to the role only five months earlier.

17.

On the other hand, Truist retained similarly situated male Managing

Directors within Ms. Bass' department and did not include those individuals within the RIF despite their being less of a need for their existing roles as then constituted.

18.

Ms. Bass' former job duties have since been redistributed to male Managing Directors who were retained.

19.

There was no justifiable business reason for Defendant to supposedly eliminate Ms. Bass' job.

20.

Truist targeted Ms. Bass for the RIF as a means to unlawfully terminate the only female Managing Director in the Department.

21.

Additionally, of the three Managing Directors who were terminated as part of the ostensible RIF, Truist selected the three oldest Managing Directors, including Ms. Bass, for termination.

22.

Again, there was no reasonable business justification for selecting the three oldest Managing Directors for termination as part of the RIF.

23.

The RIF decision was not based on legitimate factors such as tenure, seniority, or performance.

24.

Instead, the terminated employees, including Ms. Bass, were targeted unlawfully, and selected for the RIF because Truist desired to remove the older employees, including Ms. Bass, from their employment as Managing Directors.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

25.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-24 of the Complaint as if fully repeated and restated herein.

26.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 17, 2023, alleging sex discrimination in violation of Title VII and the ADEA.

27.

The EEOC issued Plaintiff a Notice of Rights Letter on or about August 29, 2023.

28.

This action is commenced within 90 days of Plaintiff's receipt of the

EEOC's Notice of Rights letter.

## SUBSTANTIVE CLAIMS

## COUNT 1: Title VII

### 29.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-28 of the Complaint as if fully repeated and restated herein.

### 30.

Under 42 U.S.C. § 2000-e(a)(1) "to discriminate against any individual with respect to …  compensation, terms, conditions, or privileges of employment, because of such individual's … sex."

### 31.

Defendant's termination of Plaintiff as part of the supposed RIF was motivated by Plaintiff's sex.

### 32.

Defendant's termination of Plaintiff constitutes discrimination in the compensation, terms, conditions, and privileges of employment in violation of Title VII.

## COUNT 2: ADEA

### 33.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-32 of the Complaint as if fully repeated and restated herein.

### 34.

It is unlawful under the ADEA for any employer to discharge or otherwise discriminate against an employee in the terms and conditions of his or her employment because of his or her age.

### 35.

Defendant selected Plaintiff for the purported RIF because of her age, 63 at the time of her termination in violation of the ADEA.

### 36.

Defendant's termination of Plaintiff constitutes unlawful age discrimination.

## JURY DEMAND

### 37.

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

Page 8 of 10

a) Order a jury trial on all issues so triable;

b) Enter judgment against Truist on all Counts herein;

c) Award Plaintiff compensatory damages in an amount reasonable and commensurate with the losses imposed upon her by Truist's unlawful and discriminatory acts;

d) Award Plaintiff punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter Truist from such conduct in the future;

e) Award pre- and post-judgment interest at the maximum rates allowable by law;

f) Order Defendant to reinstate Plaintiff to her position, or in the alternative award Plaintiff front pay;

g) Grant Plaintiff special damages for all out-of-pocket costs and expenses that she would not have incurred but for Defendant's unlawful conduct, including costs incurred in bringing this action and her reasonable attorneys' fees; and

h) Grant such additional relief as the Court deems necessary, appropriate, proper, or just.

Respectfully submitted, Monday, November 27, 2023.

*s/M. Travis Foust*

**PARKS, CHESIN & WALBERT, P.C.**                M. Travis Foust
1355 Peachtree Street NE                          Georgia Bar No. 104996
Suite 2000                                        Evan Drew
Atlanta, Georgia 30309                            Georgia Bar No. 747996
(404) 873-8000
tfoust@pcwlawfirm.com                             *Counsel for Plaintiff*